FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 13 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JO ANNA CANZONERI McCORMICK,

              Plaintiff,

        -against-

UNITED STATES OF AMERICA; USA; US;
PRESIDENT GEORGE BUSH; UNITED STATES
HOUSING AND URBAN DEVELOPMENT (HUD);
NEW YORK CITY HOUSING AUTHORITY;
CITY OF NEW YORK; COUNTY OF KINGS;
STATE OF NEW YORK; AUSTIN VILLAGE
APARTMENTS; SAINT (ST) AMBROSE
APARTMENTS; BEEHIVE CLASSROOM
APARTMENTS; TALL TIMBERS
APARTMENTS; CORNELIUS APARTMENTS
KING'S COVE APARTMENTS; ARC OF
HAWAII HOUSING PROJECT NUMBER 9
(NINE); SHENANDOAH HOME APARTMENTS;
INDEPENDENCE COURT ASSISTED LIVING;
SAINT MATHILDA'S SUBDIVISION
APARTMENTS; PLAZA SQUARE
APARTMENTS; EDEN GARDENS
APARTMENTS; EDEN GARDENS CO-OP
APARTMENTS; HIGH OAK TERRACE;
LOGAN POARK NURSING AND
REHABILITATION CENTER; MONROE
MANOR APARTMENTS; HEARTLAND
HEALTH CARE CENTER; HINCKEL
BREWERY APARTMENTS; THE INN AT
ORCHARD PARK; OLDE FRANKLIN SCHOOL
APARTMENTS; HISTORIC PASTURES
VILLAGE APARTMENTS; PALATINE NURSING
HOME; JOHN DOES 1-1000; JANE DOES 1-1000;
JOHN DOES CORPORATIONS 1-1000; JANE
DOES CORPORATIONS 1-1000,

             Defendants.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**

11-CV-4279 (BMC)

**COGAN,** District Judge.

      On September 1, 2011, plaintiff, appearing *pro se,* commenced the instant action. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)

solely for the purpose of this Order. Plaintiff's complaint is dismissed for failure to state a claim. She is hereby given thirty (30) days from the date of this Order to file an amended complaint as detailed below.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Courts must, however, construe a *pro se* litigant's pleadings liberally, see Chavis v. Chappius, 618 F.3d 162, 171 (2d Cir. 2010), especially when those pleadings allege civil rights violations, Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008). A *pro se* complaint should not be dismissed without granting leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999) (*per curiam*).

Although courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks omitted), a complaint must plead "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007). "A claim has facial plausability when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955). Similarly, a complaint is insufficient to state a

claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557, 127 S. Ct. 1955).

## DISCUSSION

The true gravamen of plaintiff's complaint is incomprehensible. She states in the caption of her complaint that the bases for her claims are breach of contract, negligence, an action to quiet title, "civil rights discrimination," and fraud. As best as can be discerned, plaintiff alleges that she was either deprived of grants that would have allowed her to purchase certain properties or that she received the grants but the properties were sold at foreclosure sales before her purchases could be consummated. The complaint and its attachments contain a recitation of causes of action and conclusions. With the exception of a small portion of Attachment B "Statement of Facts" at ¶¶ NN to TT, it is unclear to whom any of the sentences in the submission refer – i.e., it is impossible to ascertain when plaintiff is referring to herself, third-parties, or one of the defendants. Plaintiff names thousands of defendants, and in place of a statement of claim for each defendant, she refers to attached exhibits, the relevance of which are equally unclear. Therefore, the Court cannot allow plaintiff's claims to go forward as defendants will be unable to meaningfully respond to the instant complaint.

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. See Iqbal, 129 S. Ct. at 1949 (noting that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Plaintiff must provide facts sufficient to allow each defendant to have a fair understanding of what she is complaining about and to know whether there is a legal basis for recovery. See Kittay v. Kornstein, 230 F.3d 531, 541 (2d Cir. 2000).

3

## CONCLUSION

Accordingly, plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). In light of this Court's duty to liberally construe *pro se* complaints, plaintiff is given 30 days leave to file an amended complaint. Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000). Plaintiff is directed that her amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure. Should plaintiff elect to file an amended complaint, she should, to the best of her ability, describe each individual defendant and the role he played in the alleged deprivation of her rights.

The amended complaint should be captioned as an "Amended Complaint," name all individual defendants in the caption, and bear the same docket number as this Order. No summons shall issue at this time and all further proceedings shall be stayed for 30 days. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917 (1962). The Clerk of the Court is directed to mail a copy of this Memorandum and Order to plaintiff *pro se*.

**SO ORDERED.**

/Signed by Judge Brian M. Cogan/

_____
U.S.D.J.

Dated: Brooklyn, New York
       September 13, 2011